IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMON W. PERSHALL, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-07-588-M |
| v. | ) | |
| | ) | |
| PATTI TRAIL, ADMINISTRATOR, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In his Petition, Petitioner asserts that he is challenging the convictions entered against him in the District Court of Payne County, Case No. CF-2004-854. Respondent has moved to dismiss the action on the ground that it is time-barred, to which Petitioner has responded. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed as time-barred.

I. Background

In State of Oklahoma v. Amon Waldo Pershall, Case No. CF-2004-854, filed in the District Court of Payne County, Oklahoma, Petitioner pled guilty to and was convicted of the

1

felony offenses of Assault and Battery upon Police Officer and Operating a Motor Vehicle While Under the Influence of Alcohol ("DUI") Second and Subsequent Offense, both after former conviction of three felonies, and the misdemeanor offenses of Obstructing an Officer, Driving with License Suspended, and Failure to Carry Security Verification Form, all after former conviction of three felonies.[1]  Brief in Support of Motion to Dismiss Time-Barred Petition, Ex. 1(Judgment and Sentence); Ex. 2 (Plea of Guilty Summary of Facts).  For the felony convictions, Petitioner was sentenced to serve two, ten-year terms of imprisonment in the custody of the Oklahoma Department of Corrections ("ODOC"). Id.  For the misdemeanor convictions of Obstructing and Officer and Driving with License Suspended, Petitioner was sentenced to serve two, one-year terms in the custody of the county jail. Id.  Petitioner was fined for the misdemeanor offense of Failure to Carry Security Verification Form. Id.  All of the sentences were ordered to be served concurrently with each other and with the sentence entered against Petitioner in another case in Payne County District Court, Case No. CF-2003-647.  Petitioner entered his guilty plea on January 21, 2005, and the judgment and sentence memorializing the convictions and sentences was entered on January 21, 2005. Id.  Petitioner did not appeal the convictions and sentences.

Petitioner subsequently sought post-conviction relief in the district court in Case No. CF-2004-854 and Case No. CF-2003-647.  On March 31, 2005, Petitioner filed his first post-

---

[1] The transcript of the plea proceeding in Case No. CF-2004-854 reflects that the presiding district judge accepted Petitioner's "no contest plea to th[e] charge" of Failure to Carry Security Verification Form. Brief in Support of Motion to Dismiss Time-Barred Petition, Ex. 16 (Transcript of Plea and Sentencing Held on January 21, 2005, at 4).

conviction application in these cases. Id., Ex. 4 (docket sheet in State of Oklahoma v. Amon Waldo Pershall, Case No. CF-2004-854, District Court of Payne County, Oklahoma). Petitioner challenged the enhancement of his sentences on the three felony charges, contending that sentence enhancement was accomplished under the wrong statutes. The district court granted post-conviction relief to the extent that the district court entered amended judgements and sentences in both cases which modified Petitioner's ten-year term of imprisonment in Case No. CF-2003-647 to a five-year term of imprisonment, modified Petitioner's ten-year terms of imprisonment in Case No. CF-2004-854 to five-year terms of imprisonment, and in both instances designated Petitioner's felony convictions as being "second and subsequent offenses" under "47 O.S. § 11-902."[2] Id., Ex. 3. Petitioner appealed this decision, although his reasons for appealing the decision are not clear in the record. The Oklahoma Court of Criminal Appeals ("OCCA") reversed in part the district court's decision granting Petitioner post-conviction relief. The OCCA vacated the Amended Judgment and Sentence entered on April 21, 2005, in Case No. CF-2004-854 and directed the district court to enter a second amended judgment and sentence in that case which "shall declare as to Count 1 that Petitioner has been found guilty under 21 O.S. 2001, § 649(B), of the felony offense of Assault and Battery upon a Police Officer, After Former Conviction of Two or

---

[2]Neither party has provided copies of the Petitioner's March 2005 post-conviction application or the district court's decision in the post-conviction proceeding. However, the Oklahoma Court of Criminal Appeals' decision entered in the Petitioner's appeal of this decision provides historical fact-finding with respect to the post-conviction proceeding which is presumptively correct. 28 U.S.C. § 2254(e)(1).

More Felonies, has been sentenced to a term of ten (10) years imprisonment upon that conviction, and that such sentence has been enhanced under the provisions of 21 O.S. Supp. 2004, § 51.1(C)." Id.. The OCCA further decreed that the second amended judgment and sentence to be entered "shall declare as to Count 2 that Petitioner has been found guilty under 47 O.S. Supp. 2004, § 11-902, of the felony offense of 'Operating a Motor Vehicle while under the Influence of Alcohol, a Second and Subsequent Offense,' and has been sentenced to a term of five (5) years imprisonment upon that conviction." Id. On October 21, 2005, the district court vacated the amended judgment and sentence previously entered in Case No. CF-2004-854 and entered a second amended judgment and sentence in that case. Id., Ex. 4.

On June 12, 2006, Petitioner filed in the OCCA a pleading entitled "Request for Order Nunc Pro Tunc Correcting Prior Order of Court." Id., Ex. 7 (Amon Waldo Pershall, Jr. v. State of Oklahoma, No. PC-2006-639 (Okla. Crim. App.)). The OCCA entered an Order on August 18, 2006, in which the appellate court declined to review Petitioner's "new post-conviction claim" presented therein, that imposition of a ten-year sentence for Assault and Battery upon Police Officer was not in accordance with his plea agreement. Id., Ex. 10 (Order Denying Request for Nunc Pro Tunc Order and Request for Post-Conviction Relief). The OCCA refused to address this new claim because Petitioner had not complied with the appellate court's procedural rules by first presenting the claim to the district court. Id. (citing Rule 5.2(A), Rules of the Oklahoma Court of Criminal Appeals, tit. 22, ch. 18, app.). The OCCA also denied Petitioner's request that the appellate court correct its previous order in Petitioner's post-conviction appeal. Id. On August 23, 2006, Petitioner requested sentence

modification in a letter addressed to the Payne County District Court Clerk, and the district court denied this request on September 15, 2006. Id., Exs. 4, 11.

On September 21, 2006, Petitioner filed a second application for post-conviction relief in the district court, and the district court entered an order on September 28, 2006, denying Petitioner's request for post-conviction relief. Id., Ex. 4, 13, 14. On April 2, 2007, Petitioner filed a third post-conviction application in the district court. Id., Ex. 16. The district court denied this post-conviction application on April 9, 2007. Id. Ex. 17.

## II. Claims

Petitioner states in the Petition that he is confined at Center Point, Inc., a halfway house operated by the ODOC in Oklahoma City, Oklahoma. According to the ODOC's public records, Petitioner is in custody serving the sentence entered for his conviction in Payne County District Court, Case No. CF-2004-854 for Assault and Battery upon Police Officer, after former conviction of two or more felonies, and Petitioner has discharged his remaining sentences entered in that case. http://www.doc.ok.us (Offender search accessed July 9, 2007). In his Petition, Petitioner contends that the sentence imposed for his assault and battery conviction is unconstitutionally excessive, exceeds the statutory maximum, and violates double jeopardy guarantees.

## III. 28 U.S.C. § 2244(d) Statute of Limitations

Effective April 24, 1996, the statutes governing federal habeas corpus actions for state and federal prisoners were substantially amended by the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214. The

AEDPA amends 28 U.S.C. §2244 by imposing a one-year period of limitation upon the filing of a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. §2244(d)(1)(A), the one-year limitations period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. §2244(d)(2). Additionally, the one-year limitations period may in rare and extraordinary circumstances "be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998).

Petitioner pled guilty to the assault and battery offense in the previously-described criminal case on January 21, 2005. Because Petitioner did not file a motion to withdraw the plea or seek to appeal the plea-based conviction, the conviction became "final" under 28 U.S.C. §2244(d)(1)(A) on January 31, 2005, ten days after the pronouncement of the judgment and sentence. See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App. The one-year limitations period applicable to the Petitioner's filing of a federal habeas petition began to run on February 1,

2005, and expired one year later, on February 1, 2006, absent statutory or equitable tolling exceptions.

IV. Statutory Tolling

On March 31, 2005, Petitioner filed his first post-conviction application in the district court in Case No. CF-2004-854. At that time, 58 days of the statutory limitations period had run. Pursuant to 28 U.S.C. § 2254(d)(2), the post-conviction proceeding tolled the running of the statutory limitations period through September 13, 2005, when the OCCA entered its decision reversing in part the district court's grant of post-conviction relief. Following the tolling period that ended on September 13, 2005, Petitioner had 307 days within which to file his federal habeas petition in compliance with 28 U.S.C. § 2244(d)(1). Absent equitable tolling exceptions, the one-year limitations period expired 307 days later, on July 18, 2006.[3]

Petitioner's second and third post-conviction applications did not toll the limitation period because they were filed after the limitations period had expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001), cert. denied, 535 U.S. 1034 (2002). Unless equitable tolling principles operate to extend the limitations period, the limitations period

---

[3]Although Petitioner attempted to raise a "new post-conviction claim" in a pleading filed in the OCCA on June 12, 2006, the OCCA found that this pleading was not properly filed in compliance with the appellate court's procedural rules because it had not first been presented to the district court. Accordingly, this pleading did not operate to toll the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). See Habteselassie v. Novak, 209 F.3d 1208, 1210-1211 (10th Cir. 2000)("properly filed" application is one that is "filed according to the filing requirements for a motion for state post-conviction relief," including "conditions precedent that the state may impose upon the filing of a post-conviction motion").

expired long before Petitioner filed his Petition on May 22, 2007, and the Petition is time-barred.

V. Equitable Tolling

In extraordinary circumstances, *i.e.*, "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetence," the §2244(d)(1) limitation period may be equitably tolled. Miller, 141 F.3d at 978. Equitable tolling is appropriate, for instance, "when a prisoner is actually innocent" or "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period" but is not appropriate in circumstances amounting to "excusable neglect." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Nevertheless, section 2244(d)(1) "requires inmates to diligently pursue claims" in state and federal courts. Miller, 141 F.3d at 978. Accord, Gibson, 232 F.3d at 808.

In response to Respondent's Motion to Dismiss the Petition, Petitioner addresses only the merits of the claims he presents in the Petition and the issue of exhaustion of state court remedies, and he does not show any extraordinary circumstances sufficient to warrant the equitable tolling of the limitation period. Moreover, Petitioner provides no reason for his delay of almost two years in seeking federal habeas relief, and he has not diligently pursued his federal claims. Accordingly, the Petition should be dismissed on the basis that it is time-barred.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 13) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as time-barred. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by     July 30th    , 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    10th    day of    July   , 2007.

*[signature]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE